UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEN OPTICS, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>JAND, INC., a Delaware corporation doing business as Warby Parker,<br><br>         Defendant<br><br>JAND, INC.,<br><br>         Counter Claimant,<br><br>v.<br><br>RAEN OPTICS, LLC,<br><br>         Counter Defendant. | Case No.: 21cv223-JLS-LL<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS AND F.R.E. 502 AGREEMENT WITH MODIFICATIONS**<br><br>**[ECF No. 31]** |

On June 29, 2021, the parties filed a document titled "Stipulation for Entry of Order Governing the Designation and Handling of Confidential Materials and F.R.E. 502 Agreement." ECF No. 31. The Court construes the filing as a Joint Motion. See CivLR 7.2. In the Joint Motion, the parties request that the Court enter their stipulated proposed agreement governing the handling of confidential and proprietary information in this

matter. See ECF No. 31 at 1. The Court has reviewed the proposed agreement, and for good cause shown, **GRANTS** the Joint Motion with the following modifications:

1. Section 6 shall read as follows:

    Good Faith Requirement and Disputes re Classification.  A party shall only classify materials as Confidential Information upon a good faith belief that the material contains confidential, proprietary information and that such classification will, in that party's opinion, prevent commercial damage to that party.  If there is a dispute regarding a party's designation of Confidential Information the parties shall comply with the procedure set forth in Local Rule 26.1.  Any motion must be timely according to the Chambers Rules of the applicable judge and in conformance with any requirements set forth in the Local Rules and the Chambers Rules of the applicable judge; nothing in this agreement shall circumvent the relevant requirements of the applicable Chambers Rules.  In resolving any such dispute, the party who designated the material as Confidential will bear the burden of persuasion that such designation should not be removed.

2. Section 7 shall read as follows:

    Filing with the Court.  If a party seeks to file a document or pleading containing information designated Confidential by another party, the party that plans to use the material may (but need not) request that the designating party consent to its being filed in the public record.  Absent such consent, the party seeking to file the Confidential Information shall request permission of the Court to file under seal in accordance with the rules of the Court and the Southern District of California.  No document shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the judge before whom the hearing or proceedings will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civil Local Rule 79.2, Section 2.j of the Electronic Case Filing Administrative Policies and Procedures, and Chambers Rules, with respect to filing documents under seal.  A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or otherwise subject to protection under the law.  The request must be narrowly tailored to seek sealing only of sensitive personal or confidential information.  An unredacted version of the document, identifying the portions subject to the motion to seal, must be lodged with the motion to seal.  A redacted version of the document must be publicly filed simultaneously with the motion or ex parte application to file under seal.  The party seeking to file Confidential Information under seal must establish that the standards governing good cause requirements for a proposed

2

21cv223-JLS-LL

protective order set forth in Fed. R. Civ. P 26(c) and/or other applicable law are satisfied.

3. Section 9 shall read as follows:

<u>Information in Public Domain.</u>  Counsel for a non-designating party shall have the right to assert that any information designated Confidential is, in fact, in the public domain.  Any information which, prior to disclosure hereunder, is either in the possession or knowledge of a non-designating party or person who, absent this Order, is under no restriction with respect to the dissemination of such Confidential Information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as Confidential, shall be deemed to be in the public domain.  If there is a dispute regarding whether Information designated as Confidential is actually in the public domain, the parties shall comply with the procedure set forth in Local Rule 26.1. Any motion must be timely according to the Chambers Rules of the applicable judge and in conformance with any requirements set forth in the Local Rules and the Chambers Rules of the applicable judge; nothing in this agreement shall circumvent the relevant requirements of the applicable Chambers Rules.

4. Section 14 shall read as follows:

<u>Jurisdiction of Court.</u>   The Court retains jurisdiction to enforce the provisions of this Order and to make such amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate. Any party knowing or believing that any other party is in violation of or intends to violate this Order, and has met and conferred with the other party on the issue, may move the Court for an injunction or an Order to Show Cause seeking such relief as may be appropriate under the circumstances. Any motion must be timely according to the Chambers Rules of the applicable judge and in conformance with any requirements set forth in the Local Rules and the Chambers Rules of the applicable judge; nothing in this agreement shall circumvent the relevant requirements of the applicable Chambers Rules. Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake further performance of any action alleged to constitute a violation of this Order.

///

///

///

3

21cv223-JLS-LL

5. Section 17 shall read as follows:

<u>No Waiver Of Right To Appropriately Withhold Or Redact.</u> Notwithstanding the provisions of this Order, the parties may redact from any documents or other materials produced in discovery ("Discovery Material"), whether such documents or materials are designated as Confidential or not, any information containing any irrelevant trade secrets, research, development or commercial information, or any other private data protected from disclosure by State, Federal or International laws or regulations (*e.g.*, HIPAA). If, after reviewing Discovery Material containing a redaction a receiving party has a good faith basis for challenging the redaction, the parties shall initially attempt to meet and confer to resolve the issue. If those discussions prove unsuccessful, the producing party may move for a ruling as to whether the Discovery Material is entitled to redaction, which may, where legally permitted, necessitate an *in camera* inspection of the document in non-redacted form by the Court. Any motion must be timely according to the Chambers Rules of the applicable judge and in conformance with any requirements set forth in the Local Rules and the Chambers Rules of the applicable judge; nothing in this agreement shall circumvent the relevant requirements of the applicable Chambers Rules. If the producing party fails to move the Court for such an order within twenty-eight (28) days after the parties meet and confer, then the producing party waives its objection and must produce the disputed Discovery Material in an unredacted form. In response to a motion by the producing party, if the Court orders that the redacted portion of said Discovery Material should remain redacted, then that portion of the material may not be used as evidence by any party at trial or at a hearing and may not be relied upon by any party's Experts. If the Court orders that the redacted portion of said Discovery Material is not entitled to redaction, then the producing party shall produce the Discovery Material in non-redacted form.

Unless the parties otherwise stipulate, evidence of the existence or nonexistence of a designation under this Confidentiality Order shall not be admissible for any purpose. The Parties agree to submit this Confidentiality Order to the Court for adoption as an order of the Court. The Parties reserve the right to seek, upon good cause, modification of this Order by the Court.

**IT IS SO ORDERED**.

Dated: July 2, 2021

_____
Honorable Linda Lopez
United States Magistrate Judge